UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE CASTANEDA,<br><br>   Petitioner,<br><br>  v.<br><br>JENKINS,<br><br>   Respondent. | Case No. 17-cv-07126-VC  (PR)<br><br>**ORDER TO SHOW CAUSE** |

  Petitioner Rosie Castaneda, a federal prisoner at the Federal Correctional Institute in Dublin, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. She has paid the filing fee. Because the petition, when liberally construed, states a claim that may warrant federal habeas relief, the respondent is ordered to show cause why it should not be granted.

## DISCUSSION

### I. Standard of Review

  A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence only on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). The Court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### II. Allegations in Petition

  Castaneda claims that she is entitled to placement in a halfway house because she has completed the Federal Bureau of Prisons Residential Drug Abuse Program ("RDAP"). The Bureau of Prisons is required to provide every federal prisoner who has a substance abuse

problem the opportunity to participate in a treatment program while in custody. *See* 18 U.S.C. § 3621(b), (e). To encourage prisoners to seek treatment, the Bureau "may" reduce, by up to one year, the sentence of "a prisoner convicted of a nonviolent offense" who successfully completes a RDAP. *See* 18 U.S.C. § 3621(e)(2)(B). The deprivation of a prisoner's right to be released, or considered for early release, pursuant to these provisions states a cognizable claim under 28 U.S.C. § 2241. *Cort v. Crabtree*, 113 F.3d 1081, 1082-87 (9th Cir. 1997).

Federal courts lack jurisdiction to review the Bureau's individualized residential drug abuse program determinations made pursuant to 18 U.S.C. § 3621(e), such as whether to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program. *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011). However, federal judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority. *Id.* Accordingly, the petition, when liberally construed, states warrants an answer from Respondent.

Castaneda also requests judicial notice of various federal court decisions. Judicial notice is not required for those decisions to be considered. Accordingly, her request for judicial notice is denied as moot.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a copy of this Order, the petition, and all attachments thereto, on the respondent and the respondent's attorney, the United States Attorney. The Clerk also shall serve a copy of this Order on Castaneda.

2. The respondent shall file with the Court and serve on Castaneda, within sixty (60) days of the date this Order is issued, an answer showing cause why a writ of habeas corpus should not be granted. The respondent shall file with the answer and serve on Castaneda a copy of all records that are relevant to a determination of the issues presented by the petition. If Castaneda wishes to respond to the answer, she shall do so by filing a traverse (a reply) with the Court and serving it on the respondent within twenty-eight (28) days of the date the answer is filed.

3. The respondent may, within sixty (60) days of the date this Order is issued, file a motion to dismiss on procedural grounds in lieu of an answer. If the respondent files such a motion, Castaneda shall file with the Court and serve on the respondent an opposition or statement of non-opposition within twenty-eight (28) days of the date the motion is filed, and the respondent shall file with the Court and serve on Castaneda a reply within fourteen (14) days of the date any opposition is filed.

5. It is Castaneda's responsibility to prosecute this case. She must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 6, 2018

VINCE CHHABRIA
United States District Judge