UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSIE CASTANEDA,

              Petitioner,

      v.

JENKINS,

              Respondent.

Case No. 17-cv-07126-VC  (PR)

**ORDER DISMISSING PETITION FOR LACK OF JURISDICTION; DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Rosie Castaneda, a federal prisoner at the Federal Correctional Institute in Dublin, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") decision regarding her placement in a halfway house. The respondent has filed his answer; Castaneda has not filed a traverse.

## BACKGROUND

The following facts are taken from the declaration of Jon Gustin, Administrator of the BOP's Residential Reentry Management Branch. Gustin Dec. ¶ 1. On June 28, 2012, Castaneda began serving her 108-month sentence, with a projected release date of October 21, 2019. *Id.* ¶¶ 19, 21. On January 24, 2017, the warden of Castaneda's facility recommended that she be placed in a Residential Reentry Center ("RRC") with a possible start date of October 24, 2017. *Id.* ¶ 20. If Castaneda was admitted into the RRC, her new projected release date would be October 21, 2018. *Id.* ¶ 21. As part of the RRC placement process, Castaneda signed a standard agreement acknowledging the RRC living conditions. *Id.* ¶ 22, Ex. 4. The purpose of this agreement is to provide notice to inmates of the conditions of the placement and is not binding on the BOP to provide a placement at any time. *Id.*

On October 18, 2017, the Residential Reentry Management ("RRM") office changed Castaneda's RRC placement date of October 24, 2017 to June 21, 2018. This meant Castaneda's projected time at a RRC changed from 363 days to 121 days. *Id.* ¶ 23. The RRM determined that 121 days would be sufficient for Castaneda to complete the program and her projected release date would remain October 21, 2018. *Id.* Therefore, although Castaneda's admission date into the RRC changed, her projected release date did not change. *Id.*

## DISCUSSION

The BOP "shall make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." *Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011) (citing 18 U.S.C. § 3621(b)). As an incentive for successful completion of the program, the BOP may reduce a prisoner's sentence by up to one year. *Id.* (citing § 3621(e)(2)(B)). The determination of which prisoners are eligible to participate in substance treatment programs and whether to grant sentence reductions when the program is completed is within the discretion of the BOP. *Id.* (citing §§ 3621(e)(5)(B) and (e)(2)(B)). Any decision by the BOP to admit a prisoner into a drug treatment program or to grant or deny a sentence reduction upon the prisoner's completion of the program is not reviewable by the district court. *Id.* at 1227. A claim that the BOP allegedly violated its own program statement is not cognizable in a habeas petition because it is not a violation of federal law. *Id.*; *see* 28 U.S.C. § 2241(c)(3) (district court may entertain petition for writ of habeas corpus challenging federal sentence only on ground that it is being executed "in violation of the Constitution or laws or treaties of the United States").

Castaneda claims she is entitled to "immediate placement in a RRC" because the program agreement she signed is an enforceable contract. Petition at 8; Petition for Judicial Notice at 3. However, the agreement Castaneda signed is not an enforceable contract. *See* Resp.'s Ex. 4 (listing conditions a prisoner should expect to find at a community based program). And, even if it were, a claim for breach of contract is not a violation of the Constitution or laws or treaties of the United States and, thus, is not a cognizable claim under § 2241.

## CONCLUSION

Based on the foregoing, the petition is dismissed with prejudice for lack of federal jurisdiction. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: July 24, 2018

_____
VINCE CHHABRIA
United States District Judge